**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

|  |  |  |
|---|---|---|
| Martin Bosland, | : | |
|  | : | Civ. Action No. 14-6198 (SRC) |
| Plaintiff, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| Passaic County, Passaic County Board of Chosen Freeholders, et al., | : | |
|  | : | |
| Defendants. | : | |

**CHESLER**, District Judge

This matter comes before this Court upon the motion for partial summary judgment on Count Five of the Complaint from Defendant Jon E. Hershkowitz, M.D. ("Dr. Hershkowitz"). (ECF No. 14.) Plaintiff Martin Bosland ("Plaintiff") opposed the motion, based on the common knowledge exception to the Affidavit of Merit statute. (ECF No. 20 ("Pl.'s Brief").)

This Court has considered the pleadings, motions, briefs and supporting documents, and will decide the motion on the papers, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons explained below, the Court will deny Dr. Hershkowitz's motion for summary judgment on Count Five of the Complaint.

1

I.  **BACKGROUND**

In his Complaint, Plaintiff alleges he was an inmate at Passaic County Jail on October 6, 2012, when he fell out of a top bunk and injured his left foot. (Compl., ECF No. 1, ¶¶ 16-20.) Dr. Hershkowitz was the Medical Director at Passaic County Jail at the time of the alleged injury. (Id. ¶10.) On October 6, 2012, a nurse notified Dr. Hershkowitz of Plaintiff's injury. (Id. ¶ 24.) The next day, Plaintiff had an x-ray of his left foot, which showed multiple fractures. (Id. ¶ 21.)

Plaintiff saw Dr. Hershkowitz on October 9, 2012. (Id. ¶ 27.) When Dr. Hershkowitz learned of the fractures, he told Plaintiff he would need treatment at a hospital by an orthopedic surgeon. (Id. ¶ 28.) Dr. Hershkowitz failed to transport Plaintiff to a hospital until October 18, 2012. (Id. ¶ 29.)

Plaintiff alleged that due to delay in treatment, his fractures healed improperly. (Id. ¶ 30.) On October 18, 2012, a surgeon at East Orange Hospital had to re-break Plaintiff's fractures and realign them for casting. (Id. ¶ 32.) Plaintiff required another surgery to his left foot for realignment on November 12, 2012. (Id. ¶ 9.) In Count Five of the Complaint, Plaintiff alleged Dr. Hershkowitz was negligent in treating his medical needs. (Id. ¶ 59.)

II. DISCUSSION

    A.  <u>Summary Judgment Standard</u>

Summary judgment is proper where the moving party "shows there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Abraham v. Raso</u>, 183 F.3d 279, 287 (3d Cir. 1999). The moving party has the burden to show there is an absence of evidence to support the nonmoving party's case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).

A party asserting that a fact is genuinely disputed must support the assertion by citing materials in the record, including depositions, documents, affidavits or declarations or other materials. Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be based on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "If a party fails to properly support an assertion of fact . . . the court may . . . grant summary judgment . . ." Fed. R. Civ. P. 56(e).

In determining whether there is a genuine dispute of a material fact, the court must view the facts in the light most favorable to the non-moving party and make all reasonable inferences from those facts. <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). A fact raises a

genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

    B.   Analysis

In support of summary judgment on Count Five, Dr. Hershkowitz asserts Plaintiff failed to comply with the requirements of N.J.S.A. 2A:53A-26 et seq., ("the Act") because he did not supply an Affidavit of Merit by a qualified medical practitioner, nor did he substantially comply with the requirement by obtaining an expert report. (Def.'s Br., ECF No. 14-2 at 2; Statement of Uncontested Material Facts, ECF No. 14-1 at ¶¶ 1-7.) In an action for personal injuries caused by the negligence of a licensed person in his profession, the Act requires that the plaintiff provide each defendant with an expert affidavit, within 60 days following the filing of the Answer by the defendant, stating "that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional or occupational standards or treatment practices." (Def.'s Br., ECF No. 14-2 at 6, quoting N.J.S.A. 2A:53A-27.)

Dr. Hershkowitz filed an Answer to the Complaint on November 5, 2014. (Def.'s Undisputed Statement of Facts, ECF No. 14-1 at ¶5.) Plaintiff did not file an Affidavit of Merit within sixty days of the Answer, which fell on January 4, 2015. (Id.) Plaintiff

4

did not seek an extension of time to file the Affidavit of Merit. (Id. ¶¶ 5-6.) The penalty for failure to obtain an Affidavit of Merit or statement in lieu thereof, is "failure to state a cause of action." (Def.'s Br., ECF No. 14-2 at 6, quoting N.J.S.A. 2A:53A-27, 28.) The Court notes Plaintiff filed an Affidavit of Merit on November 13, 2015. (ECF No. 18.) Plaintiff does not contend the Affidavit was timely submitted to Dr. Hershkowitz.

In opposition to summary judgment on Count Five, Plaintiff asserts an Affidavit of Merit is not necessary when the malpractice is obvious. (Pl.'s Br., ECF No. 20 at 6.) "Where . . . . common knowledge makes apparent a claim's merit, an expert's affidavit is unnecessary." (Id. at 7, quoting Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 580 (3d Cir. 2003) (citing Hubbard v. Reed, 168 N.J. 387, 774 (2001))). Plaintiff contends a jury could conclude that "Dr. Hershkowitz callously disregarded Plaintiff's obvious need for medical care from a specialist" based on the allegations in the Complaint. (Pl.'s Br., ECF No. 20 at 8.) The Complaint alleges Dr. Hershkowitz was aware of Plaintiff's condition and had access to his medical records, but delayed treatment by a specialist for nine days, from October 9 through October 18, 2012. (Id. at 7.) Plaintiff's fractures healed improperly in that time, and he had to undergo several surgeries to correct the damage to his foot. (Id. at 7-8.)

The New Jersey Supreme Court has recognized a common knowledge exception to the Affidavit of Merit statute. Hubbard v. Reed, 168 N.J. 387, 397 (2011). "The doctrine applies where 'jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts.'" Id. at 394 (quoting Estate of Chin v. Saint Barnabas Med. Ctr., 160 N.J. 454, 469 (1999)). "[T]he threshold of merit should be readily apparent from a reading of the plaintiff's complaint." Id. at 395.[1]

It is readily apparent from reading Plaintiff's Complaint, taking the allegations as true, that Plaintiff required medical treatment, not available within the prison, for the fractures in his left foot. It is also common knowledge that broken bones require casting as soon as possible. It does not require specialized knowledge to understand that waiting nine days before resetting the bones and applying a cast could result in malformed bones. Therefore, the Court will deny Dr. Hershkowitz's motion for summary judgment on Count Five of the Complaint.

---

[1] In support of application of the common knowledge exception, Plaintiff has cited certain evidence, such as Dr. Verheilig's medical note of October 8, 2012, stating Plaintiff "needs ortho eval ASAP for casting" that is not alleged in the Complaint. The Court has considered only the allegations in the Complaint in determining whether the common knowledge exception applies here.

6

## III. CONCLUSION

For the reasons discussed above, the Court will deny Dr. Hershkowitz's motion for summary judgment on Count Five of the Complaint. An appropriate Order will be filed herewith.

Dated: 3/1/16

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　STANLEY R. CHESLER
　　　　　　　　　　　　　　　　　　　**United States District Judge**

**III. CONCLUSION**

For the reasons discussed above, the Court will deny Dr. Hershkowitz's motion for summary judgment on Count Five of the Complaint. An appropriate Order will be filed herewith.

Dated: 3/1/16

_____
STANLEY R. CHESLER
**United States District Judge**